ANDREW K. JACOBSON (CSBN 148583)
LAURA KOCH (CSBN 266072)
BAY OAK LAW
180 Grand Ave, Ste 700
Oakland, California 94612
Telephone: (510) 208-5500
Fax: (510) 208-5511
andy@bayoaklaw.com
laura@bayoaklaw.com

CAROLINE N. VALENTINO (CSBN 118438)
HAIMS VALENTINO LLP
180 Grand Ave, Ste 700
Oakland, California 94612
Telephone: (510) 835-0500
Fax: (510) 835-2833
cvalentino@hjmmlaw.com

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT J. LANG, NOBORU MIYAJIMA, MANUEL SIRGO, NICOLA BANDONI, TOSHIKAZU KAWASAKI, AND JASON KU,<br><br>PLAINTIFFS,<br><br>v.<br><br>SARAH MORRIS,<br><br>DEFENDANT. | CASE NO.: 11 CV 8821 (BSJ) (AJP)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT; DECLARATION OF LAURA KOCH**<br><br>Date:<br>Time:<br>Place:  Courtroom 17C<br>Judge:  Hon. Barbara S. Jones |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on _____, at _____ a.m., or as soon as thereafter as the matter may be heard in Courtroom 17C of the above-entitled Court, located at 500 Pearl St., New York, New York, Plaintiffs Robert J. Lang, Noboru Miyajima, and Jason Ku will move for leave to amend the Complaint under Federal Rule of Civil Procedure 15(a).

---
**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT**
-1-

The Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support, the Declaration of Laura Koch, and such other pleadings, evidence and argument as the Court may entertain prior to or at the hearing.

Dated: May 30, 2012             **BAY OAK LAW**

By: *Laura Koch*

LAURA KOCH
Counsel for Plaintiffs

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

I.   INTRODUCTION

Three of the original plaintiffs to this action—Manuel Sirgo, Nicola Bandoni, and Toshikazu Kawasaki—are withdrawing and dismissing their claims against Defendant Sarah Morris ("Morris"), due to the difficulty and expense of prosecuting their claims for relief from abroad (Spain, Italy, and Japan, respectively).

The remaining plaintiffs, Robert J. Lang, Noboru Miyajima, and Jason Ku, (collectively "Origami Artists") have discovered the basis for new claims for relief based on the same operative facts as the original claims in the instant action. The Origami Artists therefore request this Court to grant leave to file an amended complaint that they might plead the facts of this case and their claims as fully and accurately as possible. It is in the interest of justice to allow the Origami Artists to present a complete picture of the actions complained of. Attached hereto as **Exhibit A** is the proposed First Amended Complaint, including a total of 25 claims.

The Court should grant the Origami Artists leave to amend under the liberal standard provided by Rule 15(a)(2) and given the absence of undue delay, bad faith, or dilatory motive on the part of the Origami Artists, undue prejudice to Morris, or futility. *Monahan v. N.Y. City Dept. Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).

## II. PROCEDURAL HISTORY

The Origami Artists originally filed a complaint for copyright infringement against Morris in the Northern District of California on March 22, 2011, and filed an amended complaint on May 5, 2011. Prior to the commencement of discovery, Morris filed a motion to dismiss for lack of personal jurisdiction in California, which Judge Chen granted on October 12, 2011. Despite the fact that Morris was aware that the Origami Artists intended to refile in New York, she filed a meritless motion for attorney's fees and costs on October 26, 2011, which Judge Chen denied on December 6.

The Origami Artists refiled Complaint the Southern District of New York on December 5, 2011. Morris answered on or about February 13, 2012. The Origami Artists served their initial discovery requests on or about March 6, following the exchange of Rule 26 Initial Disclosures on February 27.

Morris produced 2587 pages of documents at the end of April. Based on facts revealed for the first time by the documents Morris produced, counsel Andrew Jacobson informed Morris's counsel, Mr. Clarida, of the intention to file an amended complaint, to which Mr. Clarida initially agreed to stipulate. A few days later, Mr. Clarida refused to so stipulate, necessitating the instant motion.

## III. RELEVANT FACTUAL BACKGROUND

Morris began completing, exhibiting, and selling the works in her Origami series in 2007. Morris falsely represented that her works were based on "found" origami crease patterns, which she and/or her agents described as "traditional" designs. Morris in fact knew that the works infringed were modern crease patterns created by origami artists whose identity was known to her.

Additionally, although many of her works were titled the same as the crease pattern Morris copied, discovery has revealed that on several occasions Morris changed the title of works already completed, which the Origami Artists contend was an effort to

conceal the infringement. For example, on at least two occasions in 2008, and despite a large amount of effort and confusion inherent in retitling existing works, Morris changed the names of at least five works derived from crease patterns by Robert Lang ("Lang").[1]

On April 2, 2009, Lang became the first of the Origami Artists to be alerted to the possibility of infringements of his works and began attempting to contact Morris. Although Morris was forwarded Lang's emails, she did not respond for about six weeks. When she finally wrote back, it was to continue the deception by claiming she had merely "referred to some of [Lang's] instructions as inspiration for [her] paintings." This was a blatant misrepresentation of Morris's activity, intended to continue concealing the fact that she had copied the works of Lang and other Origami Artists, often in their entirety or nearly so, and created unauthorized derivative works. As additional infringements of works belonging to other origami artists came to light between August 2009 and early 2010, Lang alerted the other plaintiffs, who elected to join the same suit for the sake of efficiency.

After significant time devoted to research prior to filing the Complaint, the original six plaintiffs knew of 24 of Morris's works infringing 20 of their crease patterns. Research continued between March 2011 and April 2012, but it was not until receiving Morris's document production, on or about April 25, 2012, that the Origami Artists had the opportunity to learn that Morris had produced more than 85 works for the Origami series. Morris has infringed at least 25 crease patterns belonging to the remaining three

---

[1] These works include Falcon [Origami] (formerly titled Cooper's Hawk [Origami], derived from Lang's origami crease pattern titled Cooper's Hawk); Rhino Beetle [Origami] (formerly titled Eupatorus [Origami], derived from Lang's origami crease pattern titled Eupatorus gracilicornis); Chaser [Origami] (formerly Dragonfly [Origami], derived from Lang's origami crease pattern titled Dragonfly); Calypte Anna (formerly titled Hummingbird [Origami], derived from Lang's origami crease pattern titled Hummingbird); Orchis [Origami] (formerly titled Orchid [Origami], derived from Lang's origami crease pattern titled Orchid).

plaintiffs by copying their artworks and creating derivative works for commercial use. Lang and Miyajima now request to add eight new claims for relief not included in the Complaint.

The Amended Complaint adds allegations related to Morris's fraudulent concealment of the infringing activity and allegations that the Infringing Works were created in the United States, specifically at Morris's Parallax Studio in New York. The former allegations are relevant to the statute of limitations and the latter are relevant to the question of whether the Copyright Act applies to Infringing Works Morris sold abroad.[2] In addition to extracting allegations relating to the plaintiffs who have withdrawn, Sirgo, Bandoni, and Kawasaki, the First Amended Complaint includes other minor textual edits and omits graphics.

## IV. LEGAL ARGUMENT

### A. Leave to Amend the Pleadings Should be Freely Granted.

Rule 15 of the Federal Rules of Civil Procedure provides that, after 21 days have passed from the filing of a responsive pleading, a party may amend its pleading with written consent of the opposing party or with leave of the Court. *See* Fed. R. Civ. P. 15(a)(1)(B), (a)(2). "Pursuant to Rule 15(a)(2) . . . , '[a] court should freely give leave [to amend] when justice so requires.'" *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).

Where, as here, the scheduling order does not supply a deadline to amend to the pleadings (*see* Document 12, Rule 16 IPTC Scheduling Order), leave to amend generally should not be denied absent "undue delay, bad faith or dilatory motive on the part of the

---

[2]While copyright laws generally do not have extraterritorial application, the Second Circuit has recognized an exception to this rule when there is a qualifying predicate infringing act in the United States. *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). To allege a predicate act, the Origami Artists must assert Morris violated one of the exclusive rights of a copyright owner enumerated in § 106 of the Copyright Act, and that such violation took place in the United States. See *Levine v. Landy*, 2011 WL 6845886 at *3, — F.Supp. 2d — (N.D.N.Y. Dec. 30, 2011) (citing 17 U.S.C. § 106).

movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y. City Dept. Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).

Here, the purpose of requesting to amend the Complaint is to address information the Origami Artists learned in discovery that was unavailable to them earlier. Two of the plaintiffs have a total of eight new claims for relief (six for Lang and two for Miyajima)—all based on the same operative facts as those alleged in the Complaint. Therefore, it is in the interest of justice that the Origami Artists be permitted to set forth their case against Morris as fully and completely as possible.

### B. Morris Will Suffer No Prejudice.

Morris will suffer no prejudice from amending the Complaint to add claims of a similar nature. She has been on notice as to the nature of the additional claims since the Origami Artists first filed suit in the Northern District of California on March 22, 2011. Furthermore, Morris engaged in fraudulent concealment of her wrongful actions in order to delay discovery by the Origami Artists of the factual basis of their claims against her.

As discussed above, Morris made efforts to conceal the wrong by changing the titles of multiple works she had already completed. Morris also misrepresented the source of the crease patterns she used for the Origami series, repeatedly asserting in publicity statements and interviews that her works were based on found or traditional origami designs, despite knowing this to be false. Thus, despite reasonable diligence on the part of the Origami Artists, none of them discovered the basis for their claims of infringement prior to April 2, 2009. Additionally, even in her Answer, Morris misleadingly provided partial information about the number of works she created under each title.

Discovery has allowed the Origami Artists to expand their knowledge both of the extent of infringement of the original claims and of the basis for the new claims. Morris

has no grounds for asserting that amending the Complaint will result in prejudice, especially because she contributed to the delay in discovering the facts.

### C.   The Amendment is Not Futile.

A proposal to amend a complaint is futile if the proposed amended complaint would fail to state a claim on which relief could be granted. *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); see also *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 421 F. App'x 97, 101 (2d Cir. 2011) (summary order). In determining whether an amendment would be futile, courts apply the same standard as in determining whether an already-filed pleading states a claim. *Dougherty*, 282 F.3d at 88. Thus, to avoid futility, the proposed amended complaint must contain factual allegations amounting to "more than an unadorned . . . accusation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), such that those allegations, if accepted as true, "state a claim for relief that is *plausible on its face.*" *South Cherry St. LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (emphasis original).

Morris's counsel has made a specious assertion that amendment would be futile. However, the additional claims, like the original claims, set forth sufficient factual basis to put Morris on notice of the claims and to allow her to construct a defense. The claims are plausible on their face, and amending the Complaint is therefore not futile.

### D.   The Origami Artists Have Been Diligent and Have Created No Undue Delay.

The Origami Artists would have preferred to assert all claims for relief at the outset upon filing the Complaint. Separately compiling the new factual information and amending the Complaint has been less efficient and more expensive. Thus the Origami Artists do not benefit from the delay in uncovering the basis for the additional claims; nor is the delay attributable to any lack of diligence on their part. It has been time-consuming to locate publicly accessible images of the works Morris created, particularly works already sold at the time the infringement was discovered. Morris stripped the

attachments from many documents produced in discovery, and her title changes to completed works have had the intended effect of obfuscation. Nevertheless, the Origami Artists have managed to uncover the factual basis supporting eight new claims.

The new claims for relief are based on the same operative facts as the claims in the original Complaint, and Morris has been on notice for over a year that additional claims of this nature may arise. Due to Morris's own efforts to thwart the Origami Artists' fact-gathering, she should be estopped from complaining of any delay in the filing of additional claims.

## V. Conclusion

The purpose in filing this Amended Complaint is to plead the facts and causes of action as fully and accurately as possible. Morris has been aware of the underlying facts of this case since its inception over a year ago, and nothing in the First Amended Complaint prejudices Morris unfairly. There has been no undue delay, as the Origami Artists bring this motion and the proposed Amended Complaint prior to the close of discovery, because of information learned through discovery. Accordingly, the Court should grant leave for the Origami Artists to file the First Amended Complaint.

Respectfully submitted,

Dated: May 30, 2012         **BAY OAK LAW**

By: *Laura Koch*

LAURA KOCH
Counsel for Plaintiffs

**HAIMS VALENTINO LLP**

By: *Caroline N. Valentino*

CAROLINE N. VALENTINO
Counsel for Plaintiffs